**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

*Filed and Attested by the*
*Office of Judicial Records*
*08 SEP 2021 03:46 pm*
*A. STAMATO*

# NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

32/4: 6

Case ID: 201102590

**ZEFF LAW FIRM, LLC**
Gregg L. Zeff, Esquire # 52648
Eva C. Zelson, Esquire # 320699
100 Century Parkway, Suite 160
Mount Laurel, NJ 08046
gzeff@glzefflaw.com
*Attorneys for Plaintiffs*

**IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY**

| | |
|---|---|
| Estate of Justin Paul Smith by Christina A. Smith, individually and as wife and as co-administratrix and Gianna Smith, individually and as daughter and co-administratrix and Lisa Gavin on behalf of her minor son Justin Smith.<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF PHILADELPHIA<br>1515 Arch Street 14th Floor<br>Philadelphia, PA 19102<br><br>AND<br><br>Officer Curt McKee<br>1515 Arch Street 14th Floor<br>Philadelphia, PA 19102<br><br>*Defendants.* | November Term 2020<br><br>Civil Action No. 2590<br><br><br>JURY TRIAL DEMANDED |

**<u>CIVIL COMPLAINT</u>**

Case ID: 201102590

# INTRODUCTION

This case involves the shooting death of Justin Paul Smith ("Smith") on December 5, 2019 by the Philadelphia police.

# PARTIES

1. Plaintiffs in this matter are the Estate of Justin Smith , and Christina A. Smith, individually and as wife and as co-administratrix and Gianna Smith, individually and as daughter and co-administratrix and Lisa Gavin on behalf of her minor son Justin Smith.

2. Defendant City of Philadelphia ("City") is a municipality, organized by and through the Commonwealth of Pennsylvania.

3. Police Officer Curt Mc Kee (hereinafter "Defendant Officer"), at all times relevant herein, was a Philadelphia police officer most recently at the Twenty-fourth Precinct.

4. At all times relevant hereto, Defendant Officer was operating under color of law, by and through the City's police department ("PPD")

# JURISDICTION AND VENUE

5. Jurisdiction is properly laid in this Court as Defendants are subject to personal jurisdiction in the state of Pennsylvania.

6. Moreover, Plaintiff's cause of action arises out of Defendants' acts and/or omissions, which occurred in Philadelphia County, Pennsylvania.

# STATEMENT OF FACTS

7. On or about December 5, 2019, Plaintiff Smith was shot and killed by Defendant Police officer (the "shooting").

Case ID: 201102590

8. Prior to the shooting, Defendant Police Officer was provided with an electronic weapon (hereinafter "taser") by Defendant City of Philadelphia's police department.

9. Prior to the shooting, Defendant Police Officer was trained or should have been properly trained that a taser is an effective weapon to subdue a subject without the need for lethal force.

10. Prior to the shooting, Defendant Police Officer knew, should have known that he was not trained properly in the maintenance and use of tasers.

11. Alternatively, the City's PPD knew or should have known that officers such as Defendant Police Officer were not properly trained in the use of, maintenance of and proper deployment of tasers.

12. At the time of the shooting of Plaintiff Smith was a barricaded person, inside a house.

13. At the time of the shooting of Plaintiff Smith may or may not have had a knife.

14. When Defendant Police Officer approached Plaintiff Smith, he knew or should have known that if necessary, a taser would be the proper manner of subduing Plaintiff Smith.

15. Defendant Police Officer failed to use his taser and instead used a gun to shoot to death Smith.

16. Had Defendant Police Officer used his taser instead of his gun, Smith would have survived his encounter with Defendant Police Officer.

17. On and before December 5, 2019, the Philadelphia Police Department ("PPD") had in place a series of Directives, created and promulgated by the Police Commissioner, which directed and ordered Philadelphia police officers, among other things, on the manner and methods by which they could use their police powers with the public.

18. Among these Directives is PPD Directive 10.7.

19. On and before December 5, 2019, all Philadelphia police officers were required to follow PPD Directive 10.7.

20. On and before December 5, 2019, any Philadelphia police offer that violated PPD 10.7 was subject to punishment by the City and PPD.

21. On and before December 5, 2019 the City, the City's Police Commissioner and the PPD knew that following Directive 10.7 saved lives.

22. The purpose of Directive 10.7 is "to help identify a "barricaded person," hostage taker, or Severely Mentally Disabled Person (SMDP) and to instruct police personnel in the proper tactics and procedures in order to remove such an individual and safeguard the personal well-being of all concerned."

23. Directive 10.7(5) (A)(1) requires the first police officer(s) at a scene to evaluate the situation and ascertain if the incident is actually a barricaded person, hostage taker, or SMDP.

24. Directive 10.7 (5)(A)(2) requires the first police officer(s) on the scene to immediately notify Police Radio with conditions and request a supervisor and additional personnel if necessary at the scene.

25. Directive 10.7(5) (A)(5) requires police officers to take defensive measures and attempt to maintain an appropriate "zone of protection."

26. Directive 10.7(5)(A)(6) requires police officers to avoid placing themselves in a position that requires taking unnecessary or overly aggressive actions.

27. Directive 10.7 directs that a barricaded person/crisis negotiation will be a joint effort shared by specially trained person and others at the direction of an overall commander.

28. Defendant Police Officer failed to follow Directive 10.7 either through his own deliberate indifference or the deliberate indifference of Defendant City in failing to properly train.

29. Had Defendant Police Officer followed the appropriate policies and procedures of the PPD, Plaintiff Smith would not have been shot and killed.

## COUNT ONE
## VIOLATION OF 42 U.S.C. § 1983
## EXCESSIVE FORCE
### (Plaintiff v. Defendant Officer)

30. Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

31. Defendant used excessive force thereby violating Plaintiffs' rights under the laws of the Constitution of the United States, in particular the 4th and 14th Amendments and his rights under the Constitution laws of Pennsylvania.

32. Without any justification or provocation, Defendant willfully and maliciously caused the death of Plaintiff Smith.

33. The actions committed by Defendant constitute intentional misconduct, excessive use of force and deliberate indifference to Plaintiffs' constitutional rights which caused Smith's death, in violation of Plaintiffs' constitutional rights as previously set forth in the above paragraphs.

   WHEREFORE, Plaintiffs demand judgment against Defendants in an amount in excess of $100,000.00, plus interest, costs, attorney's fees and punitive damages.

## COUNT TWO
## VIOLATIONS OF 42 U.S.C. § 1983 FAILURE TO TRAIN
### (Plaintiffs v. City of Philadelphia)

34. Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

35. The City of Philadelphia has a duty to maintain policies and practices related to arrests, use of force, tasers, barricade and crisis response/critical incident negotiations, consistent with Pennsylvania Law and the U.S. Constitution.

Case ID: 201102590

36. The City of Philadelphia has a policy, custom or practice of ignoring the appropriate standards for arrest, tasers, barricade and crisis response/critical incident negations, use of force, and use of deadly force, or has failed to train its officers appropriately.

37. As such, The City of Philadelphia and its agents were deliberately indifferent and reckless with respect to potential violations of constitutional rights.

38. The City of Philadelphia and its police chief were the moving force behind the actions of the officer(s) that led to the death of Smith.

39. The City of Philadelphia's policies, practices and/or customs led its officers and/or agents to believe that they could violate the constitutional rights of Plaintiffs with impunity and with the tacit approval of the City of Philadelphia. The City of Philadelphia's policies, customs and/or practices were a direct proximate cause of the injuries suffered by Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against The City of Philadelphia in an amount in excess of $100,000.00 plus interest, costs, attorney's fees and punitive damages.

### Count Three
### Plaintiff v. All Defendants
### VIOLATION OF 42 U.S.C. § 1983
### State Created Danger

40. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

41. Defendant Officer acted under the color of law to create a danger that would not have been present absent such conduct.

42. The Fourteenth Amendment to the United States Constitution guarantees Plaintiff the substantive due process right to be free from state-created dangers.

43. Defendants violated this right by taking affirmative steps which placed Plaintiff at

Case ID: 201102590

imminent and foreseeable risk of legal danger and harm,

44. The physical, emotional, developmental, financial, psychological, and/or psychiatric harm that Plaintiff suffered after being so placed was foreseeable, and directly, and proximately caused by Defendants' unconstitutional acts and omissions.

45. Defendants arbitrarily and capriciously deprived Plaintiff of her due process rights in the absence of any countervailing state interest.

46. Plaintiffs substantive due process rights to be free of state-created dangers were clearly established constitutional rights at the time of Defendants' acts and omissions, and a reasonable individual would have known that their acts and omissions would violate these clearly established constitutional rights.

> WHEREFORE, Plaintiffs demand judgment against Defendants as aforesaid, jointly and severally, in their personal and/or official capacity, plus interest, costs, attorney's fees and punitive damages.

## COUNT FOUR
### Plaintiff v. Defendant City
### VIOLATION OF 42 U.S.C. § 1983 (Monell)
### Unconstitutional Policy, Practice or Custom

47. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

48. As a result of Defendant City's Constitutionally infirm policies, customs and practices described above, Plaintiff has been deprived of her pursuit of Life, Liberty and Happiness, Due Process and other Constitutional Rights in violation of the Fourth and Fourteenth Amendments.

> WHEREFORE, Plaintiff demands judgment against Defendant Officers in an amount in excess of $100,000.00 plus interest, costs, attorney's fees.

**COUNT FIVE**
**Plaintiff v. Defendants**
**VIOLATION OF 42 U.S.C. § 1983**
**False Imprisonment**

49. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth herein at length

50. Plaintiff was falsely imprisoned for 90 minutes in violation of 42 U.S.C. § 1983.

51. As a result, Plaintiff has suffered the aforesaid injuries.

WHEREFORE, Plaintiff demands judgment against Defendant Officers in an amount in excess of $100,000.00 plus interest, costs, attorney's fees and punitive damages.

**COUNT SIX**
**ASSAULT AND BATTERY**
**(Plaintiff v. All Defendant Police Officers)**

52. Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

53. The actions of Defendant Officers, jointly and severely, constitute an assault and battery against Singletary.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount in excess of $100,000.00, plus interest, costs, attorney's fees and punitive damages.

**COUNT SEVEN**
**PENNSYLVANIA WRONGFUL DEATH AND SURVIVOR ACT**
**(Plaintiff v. All Defendants)**

54. Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

55. Plaintiffs seek damages under 42 Pa. C.S. sec. 8301 et.sec for wrongful death and 42 Pa. C.S. sec. 8301 et. sec. for survivor damages.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount in excess of $100,000.00, plus interest, costs, attorney's fees and punitive damages.

                                        **ZEFF LAW FIRM**

                                   /s/*Gregg L. Zeff, Esq.*
                                    Gregg L. Zeff, Esq.
                                    *Attorney for Plaintiffs*

Case ID: 201102590

**VERIFICATION**

I, Gregg L. Zeff, Esquire, verify that the statements made in this Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_____
Gregg L. Zeff, Esquire

Dated: September 8, 2021

Case ID: 201102590